IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOE VIDALES | § | |
| v. | § | CIVIL ACTION NO. 6:06cv40 |
| GREGORY ABBOTT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Joe Vidales, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Vidales said that his claim was one of "malicious prosecution."  He said that he sought DNA testing in 2002 relating to his conviction, and an attorney was appointed to represent him, but the request was denied because there was no biological material which could be tested.  Nonetheless, Vidales complained that his attorney failed to present to the court a statute relating to forensic analysis of evidence.

Vidales states that he appealed the denial of the motion, and a different attorney was appointed to represent him on appeal, He wrote to his appellate counsel to complain about his trial court attorney, and his appellate counsel wrote back and told him that he was going to file a brief certifying that the appeal was frivolous.  Vidales questions how his attorney could do this, given that the letter from the appellate attorney contained the name of the wrong case, although he did not show that this error also appeared in the brief.

Vidales next complains that he filed a motion in state court seeking expunction of records, but this motion was denied by the trial court for want of prosecution.  He says that the TDCJ Office

of the General Counsel filed a motion which said, in part, that the office did not oppose the expunction of records of two particular arrests, but Vidales says that this shows that an error was made in classifying him as a "habitual offender." Vidales furnished a copy of the answer from the General Counsel, which answer said that the General Counsel opposed expunction of records in one case, but did not oppose it in two others. Vidales also sent a letter seeking clemency to the Sheriff of Harris County, who responded with a form letter denying the request.

Vidales said that he is seeking damages for pain and suffering occasioned by the malicious prosecution resulting in his confinement. He added that he is being denied medical care and that he has been required to work in the fields despite having had four back surgeries.

The Magistrate Judge observed that according to Texas state court records, Vidales was convicted of attempted murder in 1994, receiving a sentence of 32 years in prison. He filed a motion for DNA testing in 2004, which was denied, and his appellate attorney filed a brief saying that the appeal was frivolous. Vidales filed a *pro se* brief, but the state court of appeals affirmed the denial of DNA testing and the Court of Criminal Appeals refused Vidales' petition for discretionary review. *See* Vidales v. State, — S.W.3d —, slip op. no. 01-03-00458-CR (Tex.App.-Houston [1st Dist.], June 17, 2004) (pet. ref'd) (unpublished).

On April 27, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted first that the Fifth Circuit has held that malicious prosecution, standing alone, is not a constitutional violation. Castellano v. Fragozo, 352 F.3d 939, 953-54 (5th Cir. 2003) (*en banc*). Next, the Magistrate Judge stated that even if malicious prosecution was a constitutional claim, Vidales had failed to show that he had been the victim of it, in that one of the elements of a malicious prosecution claim is that the subject of the claim terminate in favor of the plaintiff. Prager v. El Paso National Bank, 417 F.2d 1111, 1113 (5th Cir. 1969). Vidales has shown no such favorable termination.

The Magistrate Judge went on to say that to the extent that Vidales complained about the actions of the state court in denying his motion for DNA testing, this did not set out a constitutional

claim; he cannot obtain review of state court actions in federal court by couching his claims as a Section 1983 lawsuit.

After stating that neither Texas Attorney General Greg Abbott nor prison director Gary Johnson were personally involved in any of the claims, the Magistrate Judge stated that Vidales had failed to show any federal constitutional violation in the fact that his prison records were allegedly in error.  Similarly, the Magistrate Judge concluded that Vidales could not maintain a Section 1983 lawsuit seeking money damages for claims implicating the validity of his conviction.

Finally, the Magistrate Judge observed that Vidales raised various complaints regarding the conditions of his confinement, including rather vague claims that he was receiving improper medical care and that he was improperly assigned to the fields.  The Magistrate Judge stated that these claims were brought in the context of his assertion that he was improperly held in TDCJ-CID as a result of malicious prosecution rather than as claims in and of themselves, as shown by the fact that he did not sue anyone in connection with these claims.  The Magistrate Judge therefore recommended that: the lawsuit be dismissed with prejudice insofar as Vidales sought damages for malicious prosecution; the lawsuit be dismissed without prejudice, conditioned upon a showing that his conviction was reversed, set aside, or declared invalid, to the extent that it challenged the validity of his conviction; and that it be dismissed without prejudice to the extent that it included claims relating to the conditions of his confinement.

Vidales filed objections to the Magistrate Judge's Report on May 10, 2006.  In his objections, Vidales refers to the validity of the arrest which led to his conviction and says that he sought habeas corpus review on his conviction, although he does not indicate what disposition was made of this petition.  He objects to the dismissal of his malicious prosecution claims as frivolous, but does not respond to the Magistrate Judge's conclusion that malicious prosecution is itself not an actionable claim.  He argues that the Attorney General of Texas should be liable to him and again refers to the validity of his conviction.  He also says that a dismissal of his case should not count as a strike, but fails to give reasons supporting this conclusion.  Vidales asserts that he is not bringing his complaint

to challenge the validity of his conviction, but says that the reports of the Houston Police Department show that there was no evidence, despite their violations of his rights under the Fourth Amendment. Vidales' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge Is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous insofar as Vidales seeks damages for claims of malicious prosecution and claims relating to the denial of his motion for DNA testing.  It is further

ORDERED that to the extent that Vidales seeks damages for his confinement, or otherwise challenges the validity of his conviction, his claims are DISMISSED without prejudice, with its refiling conditioned upon a showing that the conviction complained of has been reversed, set aside, declared invalid, or otherwise called into question.  It is further

ORDERED that the dismissal of this lawsuit is without prejudice to any challenges that Vidales may raise concerning the conditions of his confinement, including the medical care which he has received in prison and any claims regarding the propriety of his job assignment with regard to his medical classification.  It is further

ORDERED that the dismissal of this lawsuit shall count as a strike for purposes of 28 U.S.C. §1915(g).  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby
DENIED.

**So ORDERED and SIGNED this 24th day of May, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**